**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4078**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ROBERT BOONE, a/k/a Big Rob, a/k/a Unc,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, Chief District Judge.  (7:15-cr-00009-D-1)

Submitted:  December 29, 2017                    Decided:  January 12, 2018

Before TRAXLER, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lynne Louise Reid, L. L. REID LAW, Chapel Hill, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Boone appeals his convictions and 360-month sentence after pleading guilty to conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), 846, 851 (2012); and conspiracy to launder monetary instruments, in violation of 21 U.S.C. § 1956(a)(1), (h) (2012). Boone's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Boone's sentence was substantively reasonable. Boone has filed a supplemental *Anders* brief arguing that his plea was involuntary, that the district court erred by increasing his mandatory minimum sentence under 21 U.S.C. § 851, that his career offender designation was improper, and that the district court miscalculated his criminal history. We affirm.

Boone did not attempt to withdraw his guilty plea in the district court, and thus we review the adequacy of the Rule 11 hearing for plain error. *United States v. Martinez*, 277 F.3d 517, 527 (4th Cir. 2002). To establish plain error, an appellant must demonstrate "that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights. Even if an appellant satisfies these elements, we may exercise our discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Strieper*, 666 F.3d 288, 295 (4th Cir. 2012) (citation, alteration, and internal quotation marks omitted). Because we detect no error, let alone plain error, in the district court's Rule 11 plea colloquy, we affirm Boone's convictions.

We turn next to Boone's sentence, which we review for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We must ensure that the district court committed no significant procedural error, such as improperly calculating the Sentencing Guidelines range. *Id.* at 51. Because Boone did not challenge the district court's calculation of his advisory Guidelines range at sentencing, we review his claims of procedural reasonableness only for plain error. *See United States v. Lynn*, 592 F.3d 572, 577 (4th Cir. 2010).

We consider a sentence's substantive reasonableness under "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. We presume that a sentence within a properly calculated Guidelines range is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). A defendant can rebut this presumption only by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) (2012) factors. *Id.*

After reviewing the presentence report and sentencing transcript, we conclude that Boone's sentence is both procedurally and substantively reasonable. The district court properly calculated the advisory Guidelines range, discussed the applicable § 3553(a) factors, and sufficiently explained its reasons for imposing the sentence Boone received. In addition, Boone has not made the showing necessary to rebut the presumption of reasonableness accorded his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's

3

judgment. This court requires that counsel inform Boone, in writing, of the right to petition the Supreme Court of the United States for further review. If Boone requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Boone.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*